**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION,**

**FRANKLIN C. SMITH,**
et al.,

    **Plaintiffs,**

vs.                             **CASE NO. 4:22-CV-176-AW-MAF**

**GOVERNOR RON DESANTIS,**
et al.,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed an amended civil rights complaint, pursuant to 42 U.S.C. § 1983 alleging an unlawful search, general threats upon his life, and other unrelated events. ECF No. 6. Plaintiff names Florida Governor, Ron DeSantis; Judge Jason L. Jones, a Leon County judge; and United States Magistrate Judge, Michael Frank, who recused himself from this case. Id. The filing is no model of clarity. For the reasons stated, the case should be dismissed with prejudice.

The Court may review a plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. As a result, this case is presently before the Court for screening. ECF No. 1. See 28 U.S.C.

§ 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. Plaintiff, no stranger to the federal courts, is proceeding *in forma pauperis* (IFP). However, a brief discussion of Plaintiff's litigation history is warranted.

## I. Plaintiff's Litigation History

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Plaintiff's long history of frivolous litigation in the federal courts.[1] In his various cases, Plaintiff was advised by the courts that he is required to comply with the Rules governing the proceedings including submitting his complaints on the proper forms. To the instant amended complaint, Plaintiff attached copies of a decision he received on March 6, 2019, from the Fourth Circuit Court of Appeals relating to one of his Section 1983 actions in the Eastern District of Virginia (E.D. Va.), specifically, Case No. 2:17-cv-00336-MSD-LRL.[2] ECF No. 6, pp. 10-13. Eventually, on April 7, 2022, the district court dismissed that case with prejudice, in part, due to Plaintiff's vexatious practices. See E.D. Va. Case No. 2:17-cv-00336-MSD-LRL, ECF No. 117.

In total, Plaintiff filed *twenty* Section 1983 cases in the Eastern District of Virginia alone. As a prisoner proceeding *pro se*, the court dismissed four

---

[1] The undersigned confirmed Plaintiff's identity in the various cases based on Plaintiff's mailing addresses (400 Capital Circle, Tallahassee, FL 32301 and P.O. Box 331, Alpine TX 79831), case citations within court documents, or Plaintiff's prison ID number.

[2] On April 29, 2022, Plaintiff appealed to the Fourth District Court of Appeals in Case No. 22-6518. The appeal remains pending and is identified as a prison condition lawsuit.

of Plaintiff's cases for failure to state a claim: Case No. 2:09-cv-00425-MSD-DEM; Case No. 2:09-cv-00534-MSD-TEM; Case No. 2:13-cv-00043-RAJ-TEM; and Case No. 2:18-cv-00567-MSD-DEM. Over the years, in various jurisdictions, courts dismissed Plaintiff's other Section 1983 actions as frivolous, malicious, or for failure to state a claim: Smith v. Shea, Case No. 02-cv-3502 (E.D. La. Apr 8, 2003); Smith v. Unknown Arrioza, Case No. 06-cv-2983-JAT-MEA (D. Ariz. Dec. 22, 2006); Smith v. Akers, Case No. 08-cv-738-JAT-MEA (D. Ariz. Sept. 8, 2008). See D. De. Case No. 1:10-cv-00407-MMB, Order ECF No. 4 (denying leave to proceed *in forma pauperis* because Plaintiff is a three-striker and does not claim to be in imminent danger).

This year, in 2022, Plaintiff initiated six actions in four federal district courts. In the District of Columbia, Plaintiff filed Case No. 1:22-cv-00056 and 1:22-cv-01107-UNA, both of which were quickly dismissed as frivolous. Plaintiff's Texas cases, initiated in March 2022, offer relevant information. In the Northern District of Texas, Plaintiff used prisoner complaint forms from River Crest Hospital[3] indicating that he is confined there. N.D. Tx. Case No. 6:22-cv-00013-H-BU. He later filed a notice to change his mailing address to

---

[3] River Crest Hospital is a mental health facility located in San Angelo, Texas. https://rivercresthospital.com/. Accessed June 8, 2022.

the post office box in Alpine, Texas. Id. The case remains pending. Id. In the Western District of Texas, Plaintiff again filed a "Prisoner's Civil Rights Complaint" and claims he has "endured 32 years of incarceration" and admits he is presently confined at River Crest Hospital. W.D. Tx. Case No. 7:22-cv-00055-DC-RCG, ECF No. 1. A report recommending dismissal for failure to state a claim is pending. Id., ECF No. 10. Plaintiff initiated W.D. Tx. Case No. 7:22-cv-00095 without the proper form, but, on May 27, 2022, decided to file a writ of mandamus with the Fifth District Court of Appeals in Case No. 22-50433.[4]

## II. Plaintiff's Amended Complaint, ECF No. 6.

The instant case is Plaintiff's *fourth* Section 1983 action in the Northern District of Florida and was initiated on May 5, 2022. ECF No. 1. The Court struck Plaintiff's initial complaint because it "suffers from several defects." ECF No. 5. The Court advised Plaintiff that a shotgun pleading is impermissible, his complaint violated N.D. Fla. Loc. R. 5.1(C), and he failed to properly state a Fourteenth Amendment Due Process claim. Id. The Court ordered Plaintiff to either file a notice of voluntary dismissal or to file an amended complaint, which complied with the Court's directives. Id.

---

[4] This year, Plaintiff also initiated five additional cases at the Fourth Circuit-, Fifth Circuit-, Eleventh Circuit-, and D.C. Circuit courts of appeals.

Plaintiff chose to file an amended complaint, which remains legally insufficient. ECF No. 6. Plaintiff used the "non-prisoner" form and added Robin Ashton and Christine Abizaidi, "C.I.A. Assassins," as plaintiffs to the case. Id., p. 2. Notably absent from the complaint is any mention of Plaintiff's litigation history and whether he pursued other lawsuits involving the same issues. Id.

The complaint is difficult to decipher. As best can be determined, Plaintiff describes a shooting at his Virginia residence in 2019 involving "The Band Brotherhood," the Central Intelligence Agency (CIA), and an IBM executive; this shooting was the subject of his Virginia case. ECF No. 6, p. 5. According to Plaintiff, he was arrested at a gathering at a hotel hosted by Governor DeSantis in March 2021. Id., p. 5. Plaintiff blames the governor for appointing Judge Jones and for "refusing to assist [him] on [his] stimuluses." Id. Plaintiff alleges that Judge Jones "stripp[ed] [his] bond money" and used "Blood Gang Informants to assault Plaintiff . . . to extract money from [him] for heroin." Id. Plaintiff claims he was staying at the hotel at the time of the governor's event. Id. Plaintiff alleges that "bogus . . . police agency without uniforms or name tags" "busted" into his room without a warrant in violation of the Fourth Amendment and "threaten[ed] to shoot and kill the Plaintiff." Id., p. 6. It is worth noting that Plaintiff's previous case, here, in the Northern

District of Florida, Case No. 4:21-cv-00176-AW-MAF, contained similar allegations although he later filed an amended complaint.

Plaintiff claims there has been a "32[-year] constitutional impeachment and abandonment" and the CIA assassins "must be involved to destroy the judiciary." Id., p. 7. Plaintiff claims that "during those 32 [years]," he suffered broken ribs, a fractured jaw, a broken nose, and has been stabbed and shot at." Id., p. 8. Plaintiff does not say who committed these acts and does not indicate when any of these assaults occurred. Plaintiff also claims that he was terminated from Mazda, describes the murder of his uncle by a Japanese sniper, and accuses the CIA of manipulating the American legal system and military and murdering two government officials. Id.

Plaintiff states no claim for relief. Plaintiff incorrectly maintains that the instant case is supported by the ruling he received from the Fourth Circuit Court of Appeals. The Fourth Circuit did not remand any of Plaintiff's cases to the Northern District of Florida and applies only to the Virginia case.

### III. Discussion

#### A. Plaintiff Cannot Represent the Interests of Others

As a preliminary matter, there is no indication that Plaintiff has any authority to proceed on behalf of Robin Ashton and Christine Abizaidi; and Plaintiff is not an attorney. It is well settled that a non-attorney cannot

represent the interests of another individual in litigation. <u>Guardo v. Luna</u>, 432 F.2d 1324, 1324 (5th Cir. 1970) ("There is no constitutional guarantee that non-attorneys may represent other people in litigation.").[5] <u>See also</u> 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). The personal right established under § 1654 "does not extend to the representation of the interests of others." <u>Timson v. Sampson</u>, 518 F.3d 870, 873 (11th Cir. 2008). The complaint warrants dismissal.

B. <u>Shotgun Pleading</u>

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as

---

[5] The Eleventh Circuit is bound by Fifth Circuit law in cases before October 1, 1981. <u>Bonner v. City of Prichard, Alabama</u>, 661 F.2d 1206 (11th Cir. 1981).

Case No. 4:22-cv-00176-AW-MAF

practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." <u>LaCroix v. W. Dist. of Ky.</u>, 627 F. App'x 816, 818 (11th Cir. 2015).

"A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." <u>Id.</u> (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." <u>Id.</u> (citing <u>PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.</u>, 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. <u>See</u> <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." <u>Id.</u> at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." <u>Id.</u> at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." <u>Id.</u> at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Contrary to the Court's previous instructions, the complaint is a running narrative without numbered paragraphs and without any margins. As narrated above, Plaintiff names the governor and a Leon County judge. However, Plaintiff provides no facts or associated dates to suggest that either of them committed any constitutional violation. The fact that the governor held an event at a hotel or appointed a judge to the bench fails to suggest that a constitutional violation occurred. Similarly, Plaintiff provides no details about the bond that the judge allegedly stripped from him. Plaintiff's general assertions without more, fail to support any claims against the defendants. Plaintiff's claims of physical assault and injuries are vague and are attributed to no one, certainly not to either of the two defendants named. With regard to Judge Frank, Plaintiff claims that the reason he named Judge Frank as a defendant is because he did not consent to have Judge Frank as the

presiding judge. ECF No. 6, p. 1. There is no constitutional violation here. Judge Frank was never assigned as the presiding judge in this case and recused himself once Plaintiff named him as a defendant.

Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701, 708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Legal conclusions are insufficient.

As his litigation history proves, Plaintiff is a vexatious litigant. Plaintiff has been repeatedly advised by more than one federal court on how to file a proper civil rights action. Because the filing fails to comport with the Rules governing this proceeding, and because Plaintiff was previously advised by other federal courts on the proper course of filing, the Court will not consider the claims raised.

## IV. Plaintiff is Likely Subject to the Prisoner Litigation Reform Act.

The record and litigation history suggest that Plaintiff is a prisoner subject to the Prisoner Litigation Reform Act (PLRA). Plaintiff claims he was subject to an illegal search, the revocation of bond, and thirty-two years of confinement. See generally ECF No. 6. This combined with Plaintiff's other

cases filed in March 2022, in which he admits he is confined at River Crest Hospital, support a finding that Plaintiff is a prisoner. The District of Delaware previously identified Plaintiff as a three-striker. D. De. Case No. 1:10-cv-00407-MMB.

> The PLRA prohibits a prisoner from bringing forward a civil action
>
>> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As a prisoner, Plaintiff had a least three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: Eastern District of Virginia Case Nos. 2:09-cv-00425-MSD-DEM, 2:09-cv-00534-MSD-TEM, 2:13-cv-00043-RAJ-TEM, and 2:18-cv-00567-MSD-DEM and the U.S. District Court for the District of Delaware identified other cases in its order in Case No. 1:10-cv-00407-MMB. The allegations in this case fail to show that Plaintiff was in imminent danger of serious physical injury at the time of his initial filing. His claims of physical assault and injury are attributable to no one; and there are no facts to support these claims.

## V. Plaintiff's *In Forma Pauperis* Status May be Revoked

Although in other federal cases, filed in March 2022, Plaintiff admitted he was "confined" at River Crest Hospital, here, in his IFP motion, Plaintiff claims he is "homeless" and uses the P.O. Box address in Alpine, Texas. ECF No. 2. Plaintiff makes two opposing assertions in his IFP motion: (1) he receives no income or sources of income including Social Security Disability benefits or other support assistance and (2) he "is a disabled recipient" but provides no indication of how much money he receives. ECF No. 2. Because the IFP motion contains conflicting statements, at best, Plaintiff's IFP status could be revoked. Courts have the authority to revoke a plaintiff's IFP status if it later determines that the plaintiff made false statements on his financial affidavit. Camp v. Oliver, 798 F.2d 434, 437 (11th Cir.1986).

If Plaintiff receives disability benefits or any other income, he is required to disclose that information to the Court. And, if Plaintiff is a prisoner, he is required to inform the Court and use the proper forms to initiate cases and to seek IFP status. Plaintiff knows that, as a three-striker, he is not entitled to proceed IFP unless he meets the imminent danger exception. Thus, this status may be revoked. **If Plaintiff wants to maintain his IFP status, he shall submit objections to this Report and Recommendation along with documentation that he is entitled to IFP status because he**

**is no longer a prisoner in custody. A written statement alone will be insufficient.**

Normally, the Court would permit a *pro se* plaintiff the opportunity to amend a complaint before recommending dismissal. Plaintiff was already provided with the chance to do so. However, this Court will not give Plaintiff multiple opportunities to amend because he was advised that failure to comply with court orders and the rules governing this proceeding could result in dismissal, or, alternatively, his claims do not meet the imminent danger exception. Plaintiff has been less than forthcoming about his litigation history and his sources of income.

## VI.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the case be **DISMISSED** with prejudice because the complaint is an impermissible shotgun pleading, fails to state a claim against the named defendants, and because Plaintiff may not represent others in a lawsuit. Alternatively, the case may be dismissed under the three-strikes provision of 28 U.S.C. § 1915(g) and as malicious for failure to disclose prisoner status. Plaintiff's IFP status may be revoked for failure to disclose his disability income or because he is otherwise not eligible. It is further **RECOMMENDED** that the case be **CLOSED**.

If Plaintiff objects to the finding that he is a "three-striker," then, no later

than **June 30, 2022**, he shall file written objections and provide documentary support that he is not a prisoner in federal or state custody.

IN CHAMBERS at Tallahassee, Florida, on June 9, 2022.

                              **s/ Martin A. Fitzpatrick**
                              **MARTIN A. FITZPATRICK**
                              **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).